IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ARTHUR WILDE, # 38047**                                                              **PETITIONER**

**v**                                                              **NO. 3:16-cv-00408-TSL-MTP**

**MISS. PAROLE BD. MEMBERS, et al.**                                            **RESPONDENTS**

**REPORT AND RECOMMENDATIONS**

This matter comes before the court on the Motion to Dismiss [7] filed by Respondents Earnest Lee and the Members of the Mississippi Parole Board. Arthur Wilde filed the instant petition for writ of habeas corpus relief [1] on May 24, 2016.[1] Respondents moved to dismiss the petition for failure to state a claim upon which relief may be granted or, alternatively, as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. ([7] at 5.) The Court recommends that the motion be granted for the reasons which follow.

In 1981, Wilde pled guilty to murder and to two (2) counts of aggravated assault in the Circuit Court of Warren County. *See Wilde v. State*, 930 So.2d 478 (Miss.Ct.App. 2006). He is currently in the custody of the Mississippi Department of Corrections ("MDOC") serving a life sentence. *Id.*

Wilde seeks to be declared eligible for parole. In his request for relief, Wilde asks that this Court "grant him a rehearing before the Mississippi Parole Board and that this Board give him a full and adequate investigation and to make a record of this hearing and make a fair non-racial determination on his application for parole." ([1] at 14.)

---

[1] Under the "mailbox rule," a Petitioner's pro se federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). His petition was stamped filed and docketed on June 1, 2016, but is dated May 24, 2016.

1

In Grounds One, Two, Three, and Four of his petition, he asserts the following:

    1. He is being denied a parole eligibility case plan.

    2. He is being denied a parole discharge plan.

    3. He is being denied access to a helpful rehabilitative program.

    4. He is being denied parole to another county or another state.

    5. He is denied access to his prison master file or records.

    6. He is given a longer set off period than white inmates.

    7. He is subjected to a longer period of confinement than white inmates who have committed similar or worse crimes.

    8. He isn't informed of any form of community opposition until he applied for an emergency leave or some form of release.

    9. He wasn't told that he was a high risk offender or a threat to his former community.

    10. He wasn't informed that he would need an out-of-state parole case plan.

    11. He is being forced to work in prison as a skilled laborer but not allowed to use these same vocational skills toward obtaining a parole or early release from prison due to his race (black).

    12. He is denied Parole on the basis of his race.

Respondents submit that Wilde's petition should be dismissed for failure to state a claim upon which relief can be granted. Respondents alternatively argue that Wilde's petition should be dismissed as untimely.

Federal courts "may entertain an application for a writ of habeas corpus from a person in state custody, only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir.1983)(internal quotation marks omitted); 28 U.S.C. § 2254(a). A habeas petitioner must allege that he or she has

been "deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir.1984). If a Petitioner has not alleged a deprivation of any such right, he has failed to state a claim for habeas relief. *Id.* "A petition for federal habeas corpus relief based on any argument that state courts are incorrectly applying their own law thus is not a basis for relief." *Wansley v. Mississippi Dept. of Corrections*, 769 F.3d 309, 312 (5th Cir. 2014) (citation omitted).

Petitioner is raising a claim challenging his parole eligibility. The procedural guarantees of the Due Process Clause are implicated only when a state has a system of mandatory parole. *Id.* "Parole, however, is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole." *Id; see also* Miss.Code Ann. §§ 47–7–3, 47–7–17; *Smith v. Mississippi Parole Bd.*, 478 Fed.Appx. 97, 99 (5th Cir. 2012); *Thigpen*, 732 F.2d at 1217. Parole decisions are solely within the discretion of the parole board. Because Wilde has no constitutional right to parole, he can have no constitutionally protected right to a parole eligibility date. *See Lenoir v. Epps*, Civil Action No. 5:04CV290 -JCS, 2007 WL 951595 (S.D.Miss. Mar. 27, 2007). Thus, Wilde's challenge to his parole eligibility must be dismissed for failure to state a claim upon which relief can be granted.

To the extent that Wilde claims that his right to equal protection was violated by the denial of parole, "[s]uch an allegation, if proved, would constitute denial of a cognizable federal right, but since [the] complaint is essentially a habeas corpus petition, it is subject to. . . [the AEDPA]" *Thigpen*, 732 F.2d at 1217; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1193 (5th Cir.1985) ("equal protection may be violated even though the differential treatment does not relate to a substantive constitutional right").

Wilde's petition is subject to the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1).  The AEDPA provides in relevant part that the statute of limitations shall run from the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Additionally, it provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(1) and (2); *see also Cantu–Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir.1998), *cert. denied*, 119 S.Ct. 847 (1999). The AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U .S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

On February 15, 2011, Wilde filed in the Circuit Court of Hinds County, a "Motion for Injunctive Relief to Prohibited Racially Motivated Action of the Mississippi Parole Board." ([7-1] at 5.) In the instant habeas petition, Wilde alleges that the Mississippi Parole Board's denial of parole was racially motivated and biased based on the fact that black inmates were given longer "set-offs"[2] than white inmates convicted of similar crimes. ([1] at 5.) On April 9, 2012, the circuit court dismissed the "Motion for Injunctive Relief to Prohibited Racially Motivated Action of the Mississippi Parole Board," and held that the claim was without merit. ([7-1] at 27-28.)

---

[2] "i.e., not afforded a parole hearing" for a set time period because of discipline problems or other reasons. *See Leonard v. Mississippi State Prob. & Parole Bd.*, 373 F. Supp. 699, 701 (N.D. Miss. 1974), *rev'd*, 509 F.2d 820 (5th Cir. 1975)

Wilde then appealed the decision to the Mississippi Supreme Court. ([7-1] at 31.) On November 19, 2013, the Mississippi Court of Appeals affirmed the judgment of the circuit court in a written opinion. ([7-1] at 96-100); *Wilde v. Mississippi Parole Board,* 144 So.3d 175 (Miss.Ct.App. 2013) *reh'g denied,* Apr. 29, 2014, *cert. denied*, Aug. 27, 2014 (Case No. 2012-CO-00359). He then petitioned for a writ of certiorari to the state supreme court, but the supreme court denied certiorari on August 27, 2014. *Id.*

The record indicates that Wilde discovered the factual predicate of his claims at the latest on February 15, 2011, when he filed his motion in Hinds County. As outlined above, his motion was denied, and he appealed. The Court of Appeals affirmed the judgment of the circuit court, and then Wilde petitioned for a writ of certiorari to the state supreme court, which denied his writ. The supreme court issued its mandate on August 28, 2014.[3]

Respondents submit that the petition is over four years late because the one year time limit should run from not later than February 2011, when Wilde discovered the factual predicate of his claim, as that is when he filed his motion for injunctive relief. (*See* [7-1] at 5.) Respondents submit that the Petitioner has given no valid explanation for the tardiness of his federal habeas petition, and he fails to present any "rare and exceptional circumstance" as to invoke equitable tolling of the limitations period. Wilde makes no argument for equitable tolling and nothing in the record indicates the presence of rare and exceptional circumstances warranting equitable tolling.

However, neither party has addressed whether Wilde is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) due to his filings in state court. The Court need not address this issue, because even assuming Wilde's state court filings entitled him to statutory tolling, his petition

---

[3] *See* Mississippi Court Docket, Case No. 2012-CO-00359, available at https://courts.ms.gov/appellate_courts/docket/printDocket.php?case_num=75381 (last visited October 12, 2016).

5

would still be untimely. If the statute of limitations was tolled from February 15, 2011, to August 28, 2014, the date the Mississippi Supreme Court issued its mandate, Wilde had one year from August 28, 2014, or until August 28, 2015, to file his claim in federal court.[4] *See Watts v. Brewer*, 416 F. App'x 425 (5th Cir.2011) (AEDPA's one-year limitations period was tolled until the mandate was issued by the Mississippi state appellate court).Wilde's petition, filed on May 24, 2016, more than 270 days past the one year limitation, is untimely.

The instant petition was filed more than one year after the expiration of the statute of limitations. He has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the statute of limitations. *Holland*, 130 S.Ct. at 2562.

In sum, Wilde's claim that the Mississippi Parole Board erred in determining that he was not entitled to parole fails to state a claim upon which relief may be granted and should be dismissed with prejudice. Likewise, Wilde's habeas petition is barred by the statute of limitations, and should be dismissed in its entirety with prejudice.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondents' Motion to Dismiss [7] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The

---

[4] This assumes that Wilde discovered the factual predicate for his claims on February 15, 2011, the day he filed his motion in state court.

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 14th day of October, 2016.

                                                          s/ Michael T. Parker
                                                        United States Magistrate Judge